UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIE FRANK PRICE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05CV1098 HEA |
| ) | |
| MILLENNIUM HOTEL, ) | |
| ) | |
| Defendant. ) | |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's[1] Motion for Summary Judgment, [#17]. For the reasons set forth below the Motion is granted.

## Introduction

Plaintiff brought this action under the provisions of Title VII of the Civil Right Act of 1964, 42 U.S.C. § 2000e, *et seq* and the Missouri Human Rights Act, RSMo. § 213.111. Plaintiff claims that he was discriminated by Defendant based on his race and age when he was not hired as a driver for Millennium. Defendant claims it is entitled to summary judgment claiming that plaintiff cannot present evidence that the failure to hire Plaintiff was on account of Plaintiff's race or age.

---

[1] Gateway Hotel Holdings (Gateway) operates the Millennium Hotel in St. Louis. Gateway was improperly named as "Millennium Hotel" in Plaintiff's Complaint.

Plaintiff has not responded to the Motion.[2]  Because plaintiff has not presented evidence sufficient to raise a genuine issue of material fact regarding his *prima facie* case of race or age discrimination, judgment will be entered in favor of Defendant.

**Summary Judgment Standard**

The standards for summary judgment are well settled.  In determining whether summary judgment should issue, the Court must view the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Employers Mut. Cas. Co. v. Wendland & Utz,* Ltd, 351 F.3d 890 (8th Cir. 2003); *Enter. Bank v. Magna Bank* 92 F.3d 743, 747 (8th Cir. 1996).  The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Enter. Bank*, 92 F.3d at 747.  Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists.  Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 256; *Krenik v. Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995).  To survive a motion for summary

---

[2] Initially, Plaintiff was represented by counsel.  On August 3, 2005, the Court granted counsel's Motion to Withdraw and granted Plaintiff until September 12, 2005 to secure new counsel.  To date, noone has entered an appearance on behalf of Plaintiff.

judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.' *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)(quotation omitted)." *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The Court will review the facts in this case with the stated standards in mind.

## Facts and Background

Defendant has submitted a Statement of Undisputed Facts and the affidavits of Mark Diaz, Assistant General Manager of the Hotel, and Jason Ramirez, Front Office Manager at the Hotel. Plaintiff has submitted no sworn affidavits or deposition testimony for consideration by the Court. Further, plaintiff has not submitted his Statement of Undisputed Fact nor has he specifically disputed any of those facts presented by defendant.

Plaintiff submitted an application for employment as a driver at the Millennium Hotel in St. Louis on July 19, 2004. Plaintiff's application listed several former employers, but none in the past several years, and listed no driving experience. Plaintiff completed Defendant's paperwork for performance of a background check, which came back with no problems. Ramirez called plaintiff

and scheduled a formal interview. On the date of his interview, Plaintiff bumped into Diaz as he was trying to figure out where to go. Diaz noted in that initial interaction that Plaintiff appeared confused and disoriented.

Following an interview with Linda Platt, Defendant's Human Resource Manager at the Millennium Hotel in St. Louis, Plaintiff met with Diaz. During the course of the interview with Diaz, Plaintiff was asked a series of standard behavior based interview questions. He was also asked what he would do if he had a conflict with an employee or a conflict with his boss. Diaz recalls that Plaintiff's answers were "bizarre, rambling and incoherent," and that Plaintiff often became confused and could not answer the question. Diaz determined that Plaintiff's inability to communicate rationally rendered him unqualified for the position of driver for Millennium.

Defendant ultimately hired two drivers other than Plaintiff to fill the positions, each of whom performed substantially better in their interviews than did Plaintiff. These employees were able to answer all questions posed logically and coherently.

Plaintiff filed a charge of discrimination with the Missouri Commission on Human Rights on December 17, 2004. This charge was jointly filed with the EEOC. A Right to Sue Letter was issued by the EEOC on March 22, 2005. Plaintiff received the Letter on March 28, 2005. A Right to Sue Notice was issued by the MCHR Plaintiff filed this action on June 16, 2005, which was received by

Plaintiff on June 20, 2005. Plaintiff filed his petition in the Circuit Court for the City of St. Louis on June 22, 2005. Defendant removed the action to this Court on July 14, 2005, pursuant to the Court's federal question jurisdiction, 28 U.S.C. § 1331.

**Discussion**

"[A] plaintiff may survive the defendant's motion for summary judgment in one of two ways." *Griffith v. Des Moines,* 387 F.3d 733, 736 (8th Cir.2004). First, the plaintiff may present direct evidence of discrimination, which "is evidence 'showing a specific link between the alleged discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated' the adverse employment action." *Id.* (quoting *Thomas v. First Nat'l Bank of Wynne,* 111 F.3d 64, 66 (8th Cir.1997)). If the plaintiff lacks evidence that clearly points to the presence of an illegal motive, he must avoid summary judgment by creating the requisite inference of unlawful discrimination through the *McDonnell Douglas* analysis, including sufficient proof of pretext." *Id. Arraleh v. County of Ramsey* 461 F.3d 967, 975 (8th Cir. 2006). Plaintiff has presented no direct evidence of discrimination, therefor the Court evaluates his claims under the *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-02 (1973) burden-shifting analysis. *Kenney v. Swift Transp., Inc.,* 347 F.3d 1041, 1044 (8th Cir. 2003); *Marquez v. Bridgestone/Firestone*, 353 F.3d 1037,

1038 (8th Cir. 2004). To establish a prima facie case of race discrimination for a failure-to-hire claim, a plaintiff must establish four elements: (1) he was a member of a protected class; (2) he was qualified for the position for which the employer was accepting applications; (3) he was denied the position; and (4) the employer hired someone from outside the protected class. *Arraleh*, 461 F.3d at 975.

Once a plaintiff establishes his prima facie case, the employer must articulate one or more legitimate, nondiscriminatory reasons for its decision not to hire the plaintiff. *Id.* This burden is not onerous, nor does the explanation need to be demonstrated by a preponderance of the evidence. *Floyd v. Mo. Dept. of Soc. Servs.*, 188 F.3d 932, 936 (8th Cir.1999). If the employer does so, the plaintiff must then establish that the employer's proffered reason was pretextual. *Arraleh*, 461 F.3d at 975; see also, *Pope v. ESA Serv., Inc.*, 406 F.3d 1001, 1007 (8th Cir.2005).

Even assuming Plaintiff had presented a prima facie case, which he has not since he has failed to establish that he was qualified for the position, Defendant has presented evidence that it hired two drivers that were qualified for the positions because these individuals were able to answer interview questions coherently and logically. Plaintiff was not qualified for the position as driver in that his answers to the interview question were "bizarre" and incoherent. There is no evidence that this proffered reason for not hiring Plaintiff was pretextual. Defendant's decision not to hire Plaintiff was based on its legitimate, nondiscriminatory concern for the safety of

it's clients and its reputation. "[T]he employment-discrimination laws have not vested in the federal courts the authority to sit as super-personnel departments reviewing the wisdom or fairness of the business judgments made by employers, except to the extent that those judgments involve intentional discrimination." *Hutson v. McDonnell Douglas Corp.,* 63 F.3d 771, 781 (8th Cir.1995).

## **Conclusion**

As the nonmoving party, Plaintiff must "'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.'" *Wilson*, 62 F.3d at 241; *Putman,* 348 F.3d at 733-34. Plaintiff has failed to do so. He has not presented any "depositions, answers to interrogatories, admissions, affidavits, or authenticated exhibits" pursuant to Rule 56(e) of the Federal Rules of Civil Procedure to controvert Defendant's legitimate nondiscriminatory reason for not hiring him. Plaintiff has presented no evidence whatsoever that he was qualified for the position, nor that Defendant's proffered reasons for not hiring him were pretextual. Defendant is therefore entitled to judgement as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion for Summary Judgment, [#17], is granted.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

Dated this 13th day of November, 2006.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE